CHIEF JUSTICE PETEES
delivered the opinion of the court:
This action was brought by appellee against appellant and one W. G. Lee, for the price of a lot of corn alleged to have been sold by her to them as partners.
They answered separately, and denied that they were partners in the purchase of the corn; and Lee, in his answer, alleged that a lot of corn was purchased by his agent for him of appellee, to be delivered at Payne’s depot, on the Lexington and Frankfort railroad; but that the corn delivered there was not merchantable, and denied that he owed the amount claimed.
After the jury was sworn, Lee withdrew his answer, and thenWalrath offered to read his deposition in his behalf; exceptions were taken to the deposition, which were sustained, and the depositions of Lee and one Lyon were rejected; a verdict and judgment were then *268 rendered for appellee against both of the defendants below, and Walrath’s motion for a new trial having been overruled, he has appealed to this court.
The first objection to the ruling of the court below is, that the depositions of Lee and Lyon were improperly excluded.
The statement in the bill of exceptions in relation to said depositions, is, that appellant offered to read them, to which plaintiff excepted, which exceptions were sustained, and the depositions rejected, to which ruling of the court Walrath “ then and now excepts.”
Said depositions are irot incorporated in the bill of exceptions, nor is there any reference to them therein, so as to identify them and make them properly a part of the record before us. Having been rejected by the court, if appellant considered himself aggrieved thereby, he should, in taking his exceptions, have referred to said depositions, and incorporated them in his bill of exceptions, or described them, and made them a part thereof, as certainly as if they had been copied. And he should also have stated in the bill of exceptions the objections to the depositions, and the grounds upon which they were rejected?; all of which should have been certified to this court by the judge who presided on the trial. (Doran vs. Shaw, 3 Mon., 412-13; Craddock vs. Craddock, 8 Litt., 78.) These necessary steps to enable this court to revise the ruling of the court below on the points complained of were not taken, and the depositions copied in the record before us could not therefore properly form a part of the record; and the mere note of the clerk on the margin, or his statement that the rejected depositions were copied, can give them no verity.
Furthermore, unless the grounds upon which said depositions were rejected were stated and certified to this *269 court in the bill of exceptions, we must presume that the court below decided correctly, and will sustain the ruling of that court. The depositions, from anything that appears to us, may have been rejected for want of notice, or some other good and valid reasons, besides incompetency, a question which is not now properly before us, and we need not express any opinion in reference to it.
But one instruction .was given to the jury, which was in effect, that, if they believed from the evidence that defendant, Walrath, was a partner with W. G. Lee, or held himself out as such at the time of the purchase of the corn from the plaintiff, they should find for her as against Walrath.
No available objection to this instruction is pointed out by appellant’s counsel, and none is perceived by us, and the verdict of the jury is sustained by the evidence introduced on the trial.
Wherefore, the judgment is affirmed.